UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNA SONGSTAD,                )
                               )
            Plaintiff(s),      )        No. C10-2401 BZ
                               )
      v.                       )
                               )        **REPORT AND RECOMMENDATION**
BRUCE EDWARD BEGEMANN,         )        **RE PLAINTIFF'S MOTION FOR**
                               )        **DEFAULT JUDGMENT**
            Defendant(s).      )
_____ )

Before the Court is plaintiff Jenna Songstad's motion for default judgment. Docket No. 16. On May 28, 2010, plaintiff filed a complaint against defendant Bruce Begemann for (1) sexual battery in violation of California Civil Code § 1708.5; (2) childhood sexual abuse in violation of California Penal Code § 647.6; and (3) intentional infliction of emotional distress. Defendant was served with the complaint on September 21, 2010.[1] Docket No. 8. Defendant failed to answer the

_____

[1]    Plaintiff filed an amended complaint on November 12, 2010 which changed the amount of damages she was seeking from "in no event less than [$75,000.00]" for each of her claims to $250,000.00 for each claim. <u>See</u> Docket No. 12.  Plaintiff did not personally serve the amended complaint on defendant. Docket No. 12-1.  My recommendation to award plaintiff

1

complaint or otherwise defend the action. On January 18, 2011,

upon plaintiff's request, the Clerk entered defendant's

default under Rule 55(a). Docket No. 17. Plaintiff now moves

for default judgment, seeking general, special, and punitive

damages. Plaintiff also seeks to recover her attorneys' fees

and costs pursuant to Section 1708.5. Because defendant has

not consented to magistrate judge jurisdiction pursuant to 28

U.S.C. § 636(c), this matter will be reassigned to a district

judge with the following report and recommendation for default

judgment.

Under FRCP 55(b)(2), the Court may enter a default

judgment against a party whose default has been entered. The

decision to grant or deny a default judgment under FRCP 55(b)

is within the discretion of the Court. Eitel v. McCool, 782

F.2d 1470, 1471-72 (9th Cir. 1986). The Court may not enter a

default judgment against an unrepresented minor, an

incompetent person, or a person in military service. See FRCP

55(b)(2); 50 App. U.S.C. § 521. Plaintiff has made a

sufficient showing, by way of declaration and testimony at

the hearing, that defendant is not a child, an incompetent,

or in military service. See Declaration of Jonathan K. Van

Patten ¶ 8.

Although a formal hearing is not required for the Court

to render a default judgment, Davis v. Fendler, 650 F.2d 1154

(9th Cir. 1981), plaintiff has the burden of proving damages

through testimony, written affidavit, or other relevant

---

$275,000.00 is based on the original complaint which sought at
least $75,000.00 for each claim.

evidence. <u>See</u> <u>Bd. of Trs. of the Boilermaker Vacation Trust</u> <u>v. Skelly, Inc.</u>, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005). Here an evidentiary hearing was held at plaintiff's request. <u>See</u> <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1152 (3rd Cir. 1990); <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods.,</u> <u>Inc.</u>, 722 F.2d 1319, 1323-4 (7th Cir. 1983).

By defaulting, defendant is deemed to have admitted the well-pleaded averments of the complaint, except those as to the amount of damages. <u>See</u> Fed.R.Civ.P. 8(d); <u>Geddes v.</u> <u>United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). Here, plaintiff has pled that when she was 16, defendant willfully and maliciously touched her breasts and genital area in a sexually offensive manner without her consent. Defendant's conduct was outrageous and as a result of his malice plaintiff suffered severe emotional distress. Based on plaintiff's well-pleaded allegations, she has established that defendant is liable for sexual battery,[2] childhood sexual abuse,[3] and intentional infliction of emotional distress.[4]

---

[2]    Section 1708.5 (sexual battery) makes it unlawful when a person acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.

[3]    California Penal Code Section 647.6 prohibits the molestation of individuals under 18.

[4]    The following elements must be established to recover for the tort of intentional infliction of emotional distress: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff[] suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Christensen v. Superior</u> <u>Court</u>, 54 Cal.3d 868, 903 (1991)(quoting <u>Davidson v. City of</u>

1    Having determined that default judgment should be

2    granted, the only remaining issue is the relief available to

3    the plaintiff. See 3A Entm't Ltd v. Constant Entm't, Inc.,

4    2009 WL 248261 at *6 (N.D. Cal. 2009). Plaintiff seeks the

5    following remedies from the Court: (1) judgment against the

6    defendant awarding general, special, and punitive damages;

7    (2) reasonable attorneys' fees pursuant to Section 1708.5;

8    (3) costs, interest, disbursements incurred in this action;

9    and (4) further relief as the Court deems necessary.

10    At the hearing, plaintiff testified that she was from a

11    small town in South Dakota where she lived on a farm with her

12    parents. As a teenager, she began staying with her aunt and

13    uncle in San Jose during the summers. Plaintiff's family

14    believed that living in a bigger city would help make her

15    less shy. During the summer of 2008, plaintiff, then 16, her

16    aunt and uncle's family, and some of their close family

17    friends, including defendant, drove to her family's cabin in

18    Clear Lake for Memorial Day weekend. One night, while several

19    people were socializing in the billiards room, defendant gave

20    plaintiff alcoholic drinks without permission from

21    plaintiff's aunt. Plaintiff's aunt was upset when she

22    discovered defendant drinking with plaintiff.  She instructed

23    plaintiff to drink lots of water, causing plaintiff to vomit.

24    Plaintiff then went to sleep.

25    Several hours later, defendant entered the room where

26    plaintiff was sleeping and laid down next to her. She was

27    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28    Westminister, 32 Cal.3d 197, 209 (1982)).

sexually inexperienced. Plaintiff awoke when defendant began to touch her and fondle her breasts. Plaintiff testified that she was shocked by defendant's behavior and was not sure what to do. She pretended to be asleep in the hope that defendant would stop, but defendant continued to grope her. When defendant touched her genital area and digitally penetrated her, plaintiff ran out of the room and spent the night by herself in another part of the house. She estimated that this incident lasted about 20 minutes.

Defendant's actions left plaintiff traumatized. She was initially afraid to tell her aunt because she did not want to cause problems between her family and their friend, the defendant. But, after driving back to San Jose, she reported defendant's conduct to her aunt, who subsequently notified the police.  Defendant was arrested, pled guilty and spent four weeks in jail.

Plaintiff and her aunt testified that her mental health changed dramatically after the incident. She attended weekly counseling sessions for the rest of the summer and after returning to South Dakota.[5] Plaintiff was depressed and cried frequently. She also experienced constant anxiety that led to paranoia and panic attacks. Plaintiff began taking anti-depressant and anti-anxiety medication. In response to the stress, plaintiff developed a problem with pulling out her eyelashes and vomiting after meals. She lost confidence in herself and found it difficult to interact with others,

---

[5]    Plaintiff's aunt paid about $3500.00 for these counseling sessions.

1    particularly men, whom she no longer trusted.

2        Plaintiff remains affected by the incident to this day.

3    She still suffers from mental health issues and is afraid to

4    be alone or around people she does not know. She testified

5    that earlier this month, on July 4, she went back to her

6    family's cabin on Clear Lake for the first time. She was

7    unable to enter the room where the incident took place and

8    experienced a panic attack. She is concerned that she will

9    never be able to get over defendant's conduct.

10       Based on plaintiff and her aunt's testimony, and the

11   well-pled allegations of her complaint, I find that

12   defendant's conduct was outrageous and constituted willful

13   and malicious injury to the plaintiff, causing her to suffer

14   severe and extreme emotional distress. Specifically,

15   defendant deliberately and intentionally injured the

16   plaintiff, the act was wrongful, and it was done without just

17   cause or excuse. Plaintiff's testimony about her distress was

18   genuine and it appears likely that she will continue to be

19   distressed for some time. In recommending an award of general

20   damages, I consider that plaintiff was molested by a family

21   friend, who she trusted, in her family's cabin. Plaintiff's

22   age, background and sexual inexperience especially made her

23   especially vulnerable and made it more difficult for her to

24   deal with the ramifications of defendant's inappropriate

25   conduct. I also consider that plaintiff will always have to

26   deal with the fact that her first sexual experience happened

27   when an older, trusted man molested her. Under such

28   circumstances, and based on the severe emotional distress

1  caused by defendant's acts which plaintiff established at the

2  hearing, I recommend awarding her $250,000.00 in damages.[6]

3     Plaintiff also requested special and punitive damages.

4  Plaintiff's counseling bills approximated $3,500.00, but the

5  aunt paid for the counseling and she is not a plaintiff.  Nor

6  is there any evidence that she assigned her claim to the

7  plaintiff.  Under these circumstances, I do not recommend

8  awarding special damages.

9     As for punitive damages, there is not direct evidence of

10  defendant's wealth.  There is evidence that he has an

11  ownership interest in one or more homes, though what his

12  interest is following his divorce is not clear.  Defendant's

13  conduct was oppressive and malicious.  Given the limited

14  evidence of defendant's wealth, I recommend an award of

15  $25,000.00 in punitive damages.

16     Plaintiff argues that she is entitled to recover

17  attorneys' fees under Section 1708.5.  Section 1708.5,

18  however, does not specifically allow for the recovery of

19  attorneys' fees.  It only provides that courts "may award

20  equitable relief, including, but not limited to, an

21

22     [6]   While plaintiff seeks damages on each claim, there
was only one tortious act and one set of damages.  I do not
23  recommend awarding plaintiff damages for each of her three
claims.  Plaintiff has cited no authority for such a result,
24  and to do so would violate the general theory of damages which
bars double recovery for the same wrong.  See Tavaglione v.
25  Billings, 4 Cal.4th 1150, 1159 (1993)("Regardless of the nature
or number of legal theories advanced by the plaintiff, he is
26  not entitled to more than a single recovery for each distinct
item of compensable damage supported by the evidence.  Double
27  or duplicative recovery for the same items of damage amounts to
overcompensation and is therefore prohibited.")(internal
28  citations omitted).

injunction, costs, and any other relief the court deems proper." The omission of attorneys' fees from the statute does not appear to be accidental since the very next statute, Section 1708.6, explicitly allows plaintiffs to recover attorneys' fees for torts of domestic violence. See Cal. Civ. Code § 1708.6(c)("and any other relief that the court deems proper, *including reasonable attorneys' fees*")(emphasis added). Plaintiff has not presented any argument to support her request for attorneys' fees nor has she submitted any fees that she wishes to recover for. Accordingly, I do not recommend awarding plaintiff attorneys' fees.

With respect to costs, which are recoverable under Section 1708.5, plaintiff failed to submit any evidence of her costs in either her papers or at the hearing. I recommend granting plaintiff her legally recoverable costs as prevailing party. Rule 54(d)(1).

For the foregoing reasons, I recommend that judgment be entered in plaintiff's favor for $275,000.00 and legally recoverable costs.

Dated: July 28, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\SONGSTAD V. BERGEMANN\DEFAULT JUDGMENT ORDER (AFTER HEARING).wpd